UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARNEATHA S.,[1]

|  |  |  |
|---|---|---|
| | Plaintiff, | Case # 24-CV-06187-FPG |
| v. | | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| | Defendant. | |

## INTRODUCTION

Plaintiff Arneatha S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 14. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In March 2021, Plaintiff applied for SSI benefits with the Social Security Administration ("the SSA"). Tr. 18.[2]  She alleged disability since March 3, 2020, due to arthritis in her lower back, problems with her knees, hypertension, asthma, anxiety, depression, bipolar disorder, insomnia, schizophrenia, and heart issues. Tr. 297. The claim was initially denied on September 1, 2021, and

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

upon reconsideration on October 13, 2021. Tr. 18. On September 9, 2022, Administrative Law Judge Andrew J. Soltes, Jr. (the "ALJ") held a hearing. Tr. 40–79. The ALJ issued a decision finding that Plaintiff was not disabled on November 29, 2022. Tr. 15–33. Plaintiff requested review by the Appeals Council, but the request was denied on January 30, 2024. Tr. 1–7. This action seeks review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

I.      **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

II.     **Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20. At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease; degenerative joint disease (knees); asthma; obesity; cardiac disorder; anxiety disorder; depressive disorder; and posttraumatic stress disorder ("PTSD"). Tr. 21. The ALJ also found that Plaintiff had non-severe impairments of hypertension, foot disorder, and substance abuse disorder in remission. Tr. 21. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22.

Next, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 416.967(b), with additional exertional and environmental limitations. Tr. 24. The ALJ also found that Plaintiff is "limited to unskilled low stress occupations specifically defined as occupations consisting of simple routine tasks and few changes in the workplace setting." Tr. 24. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 31. At step five, the ALJ found that, given her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national that Plaintiff could perform. Tr. 31. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 32.

### II.   Analysis

Plaintiff argues that remand is warranted because the ALJ failed to (a) explain why limitations included in Dr. Brownfeld's persuasive opinion were not incorporated into the RFC;

(b) adequately develop the record and fill an obvious gap in the record; and (c) properly evaluate the opinion of Dr. Toor. ECF No. 7-1. The Court discusses each argument in turn.

### a. Evaluation of Dr. Brownfeld's Opinion

Plaintiff first argues that the ALJ erred by not explaining why limitations included in Dr. Brownfeld's persuasive opinion were not incorporated into the RFC. ECF No. 7-1 at 9. Specifically, she argues that the ALJ failed to build an accurate and logical bridge between finding Dr. Brownfeld's opinion persuasive, but then not incorporating Dr. Brownfeld's opinion that Plaintiff had moderate limitations in her ability to regulate emotions, control behavior, and maintain her wellbeing into the RFC. *Id.* at 10. The Court disagrees.

Courts in this circuit have routinely found that where a Plaintiff has moderate limitations in her ability to regulate emotions, control behavior, and maintain her wellbeing, an RFC which limits Plaintiff to unskilled low stress occupations is consistent with such limitations. *See Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021) ("[T]he ALJ's limiting Plaintiff to . . . low stress work . . . is consistent with the medical evidence in the record and is supported by the opinion of Dr. Deneen, who found that Plaintiff would be moderately limited in . . . regulating her emotions, behavior, and well-being."); *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (affirming ALJ's decision that claimant could perform prior unskilled work where "[n]one of the clinicians who examined [the plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning"); *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning.").

In the ALJ's decision, the ALJ found that Plaintiff had moderate limitations in "in adapting and managing oneself[,]" and the ALJ explained that the RFC accounted for such limitations by

including corresponding vocational limitations. Tr. 30. The RFC then contained a limitation to "unskilled low stress occupations specifically defined as occupations consisting of simple routine tasks and few changes in the workplace setting." Tr. 24. As such, the Court rejects Plaintiff's argument that the ALJ failed to incorporate Dr. Brownfeld's limitations because the RFC, which limited Plaintiff to unskilled low stress occupations, is consistent with Dr. Brownfeld's opinion that Plaintiff had moderate limitations in her ability to regulate emotions, control behavior, and maintain her wellbeing.

### b.  Insufficiency of the Record

Plaintiff's second argument is that the ALJ erred by failing to adequately develop the record and fill an obvious gap in the record. ECF No. 7-1 at 12. Specifically, she argues that the record demonstrates that Plaintiff's primary care provider, Dr. Bolduc, completed multiple functional assessments on her behalf and that those assessments are not included in the record. *Id.* at 13. Because the record gave clear indications that these records were missing, Plaintiff maintains that the ALJ had a duty to obtain those records. *Id.* Plaintiff adds that this error is not harmless because such forms "generally include some function-by-function assessments that would have likely supported Dr. Bolduc's conclusion that Plaintiff was unable to work[,]" and "may have also supported Dr. Toor's opinion that was generally dismissed by the ALJ." *Id.* at 14. The Court also rejects this argument.

At the hearing in September 2022, Plaintiff's counsel stated that there were outstanding record requests to health providers. Tr. 44. In response, the ALJ said that he would hold the record open for two more weeks and that if additional time was needed to obtain Plaintiff's medical records, counsel could request additional time to obtain them. Tr. 44. In January 2023, the ALJ sent a letter to Plaintiff's counsel stating that no additional evidence had been received and that if

counsel did not submit any additional evidence, request additional time to do so, or explain why she could not submit the evidence within 10 days, a decision would be issued on the available evidence. Tr. 351. In response, Plaintiff's attorney submitted a letter stating that "all requested records have been submitted, and you may proceed to a decision in this case." Tr. 352.

"[T]he ALJ, unlike a judge in a trial, must [him]self affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation marks omitted). This duty "exists even when . . . the claimant is represented by counsel." *Id.* Thus, when the evidence of record is inadequate to determine whether a claimant is disabled, "the ALJ has an obligation to seek additional information to supplement the record." *Jennifer M. v. O'Malley,* No. 23-CV-494, 2024 WL 5378976, at *4 (N.D.N.Y. July 23, 2024).   However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (2d Cir. 1999) (internal citation omitted). Further, an ALJ has taken reasonable steps to complete the medical record where he specifically asks a plaintiff's attorney if the medical records before him are complete, and the attorney answers affirmatively. *See Jennifer M.*, 2024 WL 5378976, at *5 (collecting cases).

Here, Plaintiff's only argument is that the additional functional assessments "would have likely supported Dr. Bolduc's conclusion" and "may have also supported Dr. Toor's opinion." ECF No. 7-1 at 14. These arguments are too speculative to warrant remand and, in any event, do not suggest that the evidence of record is inadequate to determine if Plaintiff is disabled. *See Reginald R. v. Comm'r of Soc. Sec.*, No. 21-CV-06326, 2023 WL 5608869, at *16 (W.D.N.Y. Aug. 30, 2023) (holding that speculative arguments that alleged missing records "might contain

evidence that [p]laintiff is actually more limited than what the ALJ found . . . fall short of demonstrating that there were actual, obvious gaps which the ALJ failed to develop"). This is especially true given that the ALJ proceeded to issue his decision only after he affirmatively asked Plaintiff's counsel if there were any more records, and Plaintiff's counsel stated that there were no more records to submit. *See Dale A.M. v. Comm'r of Soc. Sec.*, 19-CV-1150, 2021 WL 1175160, at *12 (N.D.N.Y. Mar. 29, 2021) ("[A]n ALJ need not take any further steps to develop the record where he asks a claimant's attorney if the records are complete and the attorney responds affirmatively."). Thus, remand is not warranted on the basis that the ALJ erred by failing to adequately develop the record.

### c.  Evaluation of Dr. Toor's Opinion

Finally, Plaintiff argues that the ALJ erred by failing to properly discuss the supportability and consistency factors when evaluating Dr. Toor's opinion. ECF No. 7-1 at 15. Again, the Court disagrees. Under 20 C.F.R. § 416.920c(b)(2), the most important factors that an ALJ must consider in determining the persuasive value of a medical opinion are "supportability" and "consistency." The former pertains to the degree to which the medical source supports her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(1), (2). An ALJ's failure to explain the supportability and consistency of a medical opinion in his decision constitutes a procedural error. *See id.* § 416.920c (b)(2); *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022).

However, if a searching review of the record assures the court that "the substance of the regulation was not traversed," a court may affirm the Commissioner's decision despite the error. *Loucks*, 2022 WL 2189293, at *2 (internal quotation omitted). Thus, even if an ALJ fails to

explicitly evaluate the consistency and supportability factors with respect to a particular medical opinion, remand is warranted only if the reviewing court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). By contrast, if the reviewing court can "adequately 'glean' how the ALJ [implicitly] weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless. *Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-384, 2023 WL 5361000, at *5 (W.D.N.Y. Aug. 22, 2023).

Here, while the ALJ did not explicitly discuss the supportability or consistency factors as to Dr. Toor's opinion, the Court can glean his rationale from the decision. In the decision, the ALJ explained that he considered the opinion of Dr. Toor, but that he did not find it persuasive to the extent that Dr. Toor noted marked limitations. Tr. 30. The ALJ further explained that Dr. Toor's "report itself was comprehensive and detailed concerning examination findings and thus informative regarding the claimant's alleged physical impairments." Tr. 30. However, he also found that Dr. Toor "noted moderate to marked limitations in several areas of functioning but did not further define the term 'moderately to markedly' in vocationally relevant terms." Tr. 30. Additionally, the ALJ concluded that the opinion was not persuasive to the extent that the limitations identified by Dr. Toor could be read as precluding certain activities because the current record showed only conservative treatment with "no recommendations for lumbar spine or knee surgery, good response to physical therapy, intact motor strength in the upper and lower extremities, and minimal treatment for knee and cardiac conditions." Tr. 30. Accordingly, the ALJ explained that he did not "find the portions of the opinion stating marked limitations in exertional and postural activities persuasive, as there is a lack of support for these restrictions in the current medical evidence of record." Tr. 30. The ALJ then concluded that "the opinion of Dr. Toor is less

persuasive to the extent it asserts greater limitations than suggested by the contemporaneous medical evidence and the record as a whole." Tr. 30.

As for supportability, based on this record the Court can glean that the ALJ found that Dr. Toor's opinion was supported by his report that was "comprehensive and detailed concerning examination findings and thus informative regarding the claimant's alleged physical impairments." Tr. 30. As for consistency, the Court can glean that the ALJ found that Dr. Toor's opinion was inconsistent with the record as a whole to the extent that it opined that Plaintiff had moderate to marked limitations in several areas of functioning. Tr. 30. Consequently, remand is not warranted on this basis that the ALJ did not discuss the supportability and consistency factors when evaluating Dr. Toor's opinion.[3]

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 25, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] To the extent that Plaintiff makes a separate argument that remand is warranted because the ALJ impermissibly rejected Dr. Toor's opinion solely on the basis that his findings of moderate to marked limitations were vague, the Court rejects that characterization of the ALJ's decision. ECF No. 7-1 at 15. In addition to stating that he did not find the moderate to marked limitations persuasive because Dr. Toor did not define these limitations in vocationally relevant terms, the ALJ also explained that he found these limitations unpersuasive because they were not consistent with the other evidence of record. Tr. 30. Therefore, there is simply no merit to this argument.